■ ALLEN R. DORKIN, Respondent, v J. LEONARD SPODEK, Appellant. [717 NYS2d 26] —Order and judgment (one paper),

Supreme Court, New York County (Beatrice Shainswit, J.), entered October 29, 1999, granting plaintiff's motion to confirm the Special Referee's report, awarding judgment in favor of plaintiff general partner and against defendant former managing partner in the total amount of $2,800,789.88, and bringing up for review a prior order, entered October 21, 1997, which granted plaintiff's motion for a default judgment and directed an inquest on damages, unanimously affirmed, with costs.

The stipulation that defendant signed resolved his motion to vacate the default judgment that had been entered against him on the issue of liability by allowing him to defend as to the amount of damages, and bars him from now challenging his liability. There is no merit to defendant's contention that the stipulation was coerced by the IAS Court. In any event, plaintiff's principal argument raised what could well be viewed as a pure liability issue, namely, whether, as a matter of law, he can be held liable as managing partner for any negative cash flow that occurred after September 1987, when plaintiff served him with a notice of removal. This argument is without merit. The record clearly shows that, despite the notice, defendant continued to act as managing partner and refused to relinquish control of the partnership books until he was removed by court order in 1991. That order, which declared the validity of the 1987 removal notice, in no way intimated that defendant had not acted as managing partner after 1987. Concerning the largest item of damages, the award of $1.2 million for the partnership's default on its mortgage, there is no merit to defendant's argument that he is not liable therefor because, as managing partner, he was personally obligated to make payments only when the partnership experienced a negative cash flow, and the partnership's tax return for the relevant period shows a net income of zero dollars. Cash flow and taxable income are not equivalent. A review of Schedule L of the tax return shows an increase in the mortgage as a result of unpaid mortgage installments, plainly indicating that the partnership's cash flow was insufficient to meet its obligations, such that defendant's obligation under the partnership agreement to make up the shortfall was triggered. We have considered defendant's other arguments and find them to be unavailing. Concur—Sullivan, P. J., Rosenberger, Tom, Wallach and Andrias, JJ.